■ In the Matter of SOL MEKLER, Respondent, v. VILLAGE OF SPRING VALLEY, Respondent. ALFRED MURPHY et al., Intervenors-Appellants. In the Matter of HARRY JOSEPHS et al., Respondents, v. VILLAGE OF SPRING VALLEY, Respondent. ALFRED MURPHY et al., Intervenors-Appellants. In the Matter of LOTTE JOSEPHS et al., Respondents, v. VILLAGE OF SPRING VALLEY, Respondent. ALFRED MURPHY et al., Intervenors-Appellants.— In three special proceedings: (1) to declare invalid and void three separate referendum petitions filed with the Village Clerk of the Village of Spring Valley, each of which petitions protested against a separate resolution adopted by the Board of Trustees of said village on December 2, 1963, approving the annexation of certain land to the village, and each of which petitions requested that the annexation resolution in question be submitted to the electors for their approval or disapproval pursuant to statute (Village Law, § 139-a) ; and (2) for other relief, the intervenors in each such proceeding appeal from judgments of the Supreme Court, Rockland County, entered March 23, 1964 upon the court's three separate decisions after a joint nonjury trial, which declared: (a) that the referendum petitions were invalid; (b) that the Board of Trustees of the village was not required to submit the annexation resolutions to the electors for approval or disapproval; and (c) that the annexations were in

full force and effect. Judgments affirmed, without costs. (*Matter of Phillips* [*Hubbard*], 284 N. Y. 152; Village Law, § 139-a; cf. *Matter of Sinicropi*, 135 N. Y. S. 2d 77, affd. 284 App. Div. 893; *Matter of Cox* v. *Haverstraw*, 40 Misc 2d 531, 534). Leave to appeal to the Court of Appeals from the orders entered hereon is granted. In our opinion, questions of law have arisen which ought to be reviewed. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.