■ In the Matter of LAURA LINDLEY, Appellant, v BABYLON TOWN CLERK et al., Appellants. (Matter No. 1.) JOHN BRASLOW, Respondent-Appellant, v RAYMOND C. ALLMENDINGER, as Supervisor, et al., Appellants-Respondents, and LAURA LINDLEY, Appellant-Respondent. (Matter No. 2.) — Cross appeals from stated portions of a judgment of the Supreme Court, Suffolk County, dated March 13, 1981, which, *inter alia,* (1) decreed that each protest petition need not protest only one resolution, but that each protest petition may protest all resolutions simultaneously, (2) decreed that it is not a fatal defect that the number of signatures on the cover sheet of the petition is not the precise number of signatures contained therein, (3) decreed that the election districts of the signers of the protest petition need not be set forth therein, (4) validated the petition to hold a referendum as to resolutions numbered 3, 4, 5, 6 and 7, (5) determined that Laura Lindley is a proper objectant and (6) held that resolutions numbered 8 and 9 were not subject to a permissive referendum. Judgment modified, on the law, by deleting the sixth, seventh and eighth decretal paragraphs and substituting a provision that the petition in opposition is declared invalid. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Special Term erred in holding that the election district of each person signing the petition in opposition to the resolutions was not required. Section 6-130 of the Election Law, which requires inclusion of the election district, applies to referendum petitions governed by section 91 of the Town Law (see *Matter of Phillips [Hubbard],* 284 NY 152, 159; *Matter of Cohalan v Olmo,* 41 AD2d 840, mot for lv to app den 33 NY2d 516; *Matter of Mekler v Village of*

*Spring Val.,* 20 AD2d 924, affd 14 NY2d 847). A stipulation on record indicates that if the signatures without an election district indicated are disallowed, there will not be enough valid signatures remaining to sustain the petition. Accordingly, the referendum petition must be declared invalid (see *Matter of Berry v Dodd,* 38 NY2d 995; *Matter of Sciarra v Donnelly,* 34 NY2d 970). Hopkins, J.P., Titone, Rabin and Margett, JJ., concur.