Katherine H. Wears, Esq. City Attorney, Ogdensburg.
You have transmitted a copy of a petition requesting submission to the voters of a proposed local law to establish a city charter commission. You ask that we review the petition for legal sufficiency and answer several questions relating to the validity of the petition. This office does not evaluate proposed local enactments or petitions submitted by voter initiative. These matters are the responsibility of local officials who are familiar with local conditions and have access to relevant data. We will respond to the specific questions you have raised regarding the initiative procedure, under section 36 (3) of the Municipal Home Rule Law and will indicate whether the petition is in proper form.
Under section 36 (3) of the Municipal Home Rule Law the voters of a city may petition for the submission of a proposed local law to create a commission to draft a new or revised city charter for voter approval. The proposed local law embodied in the petition is required to fix or provide the method of determining the number of members of the commission; it may name the members or provide for their election or appointment; it must prescribe the manner of appointment or election and state whether elective members are to be elected from the city at large or by districts (Municipal Home Rule Law, § 36[3]). If the petition has the requisite number of signatures and meets all the legal requirements of section 36 (3), the legislative body must submit the proposed local law embodied in the petition to the voters of the city at the next general election held not less than sixty days after the filing of the petition (ibid.).
You ask whether the absence of a title or enacting clause in the proposed local law invalidates the petition (id., § 20[2][4]). We believe that the legislative body must add a title and enacting clause to the proposed local law prior to its submission to voter referendum. The petition does not submit the proposed local law for enactment. It petitions for its submittal. It is the legislative body under section 36 (3) that submits the proposed local law to the voters for enactment. At this stage the proposed local law must be technically correct.
The petition is valid if it contains all that is required by section 36 (3) and is in proper form. The purpose of section 36 (3) is to permit the voters to require a referendum on whether to form a charter commission. We favor a construction that meets this goal and satisfies the technical requirements of section 36 (3). The provisions of the Municipal Home Rule Law are to be liberally construed (id., § 51).
You ask whether the petition meets the requirements of section 37 (3) of the Municipal Home Rule Law. Section 37 establishes a procedure for adoption or amendment of a city charter by voter initiative and is not relevant to establishment of a charter commission under section 36.
You ask whether omission from the petition of the signers' election district invalidates the petition. Section 36 requires the petition to conform to the provisions of section 24 of the Municipal Home Rule Law. Under that section signatures on petitions must be signed and authenticated in the manner provided by the Election Law for designating petitions so far as applicable. Although the signers' election district is required on a designating petition (Election Law, § 6-132), the signers' election district is not applicable to a petition for the establishment of a charter commission (Matter of Potash vMolik, 17 A.D.2d 111, 121 [4th Dept, 1962]). The election district is of value in a designating petition where the election is to be held in a part of the city and only those residing in that area are eligible to be signers or witnesses on a petition (ibid.). The election district is not relevant in a referendum petition where residence anywhere in the city establishes eligibility. Although designation of the election district may make verification of the petitioner's status as an elector easier, its omission does not invalidate the signature.
It is our opinion that the petition is sufficient as to form. It includes the information necessary to a determination of whether the signers are qualified electors of the city who were qualified to vote at the last preceding general election. The election district and the ward of the signers and witnesses are not applicable to a petition for a referendum under section 36 (3) of the Municipal Home Rule Law (ibid.). We believe that the petition contains all the necessary components of the form for designating petitions (see Election Law, § 6-132) that are applicable to the section 36 (3) petition.
Should the local law pass, the provisions of the Election Law relating to nominations for local office would apply and the Commission members would be elected at the next general election (Election Law, § 1-102, Article 6).