OPINION OF THE COURT
Parker J. Stone, J.
Petitioners have commenced a special proceeding to review the invalidation of a petition for a permissive referendum on Local Law No. 7 of 1981 of Oneida County. The respondents have moved to dismiss the petition claiming that it is time barred by section 24 of the Municipal Home Rule Law in that petitioners failed to commence this special proceeding within 30 days of the filing of the petition. The respondents further move to dismiss upon the grounds that the petition fails to state a cause of action and grounds for relief.
Local Law No. 7 of 1981 of Oneida County, adopted by the County Board of Legislators on July 15, 1981, author *980 ized the county to become a participating county of the Capital District Regional Off-Track Betting Corporation. The local law states that it is subject to a “permissive referendum as provided by law and pursuant to Section 24 of the Municipal Home Rule Law of the State of New York.”
The petition for permissive referendum was filed with the respondent Clerk of the Oneida County Board of Legislators on September 8,1981. Respondents concede that the filing was timely. On that same date, the respondent clerk, upon a review of the petition, determined that it failed to meet the requirements of section 24 (subd 1, par a) of the Municipal Home Rule Law; invalidated the petition and filed with the Secretary of State and Comptroller for the State of New York the necessary certificates to effect the off-track betting legislation adopted by the Board of Legislators. This special proceeding challenging respondents’ denial of permissive referendum was commenced against the respondent Caswell on December 20,1981 and against the respondents Boehlert and Trinkaus on December 30, 1981. It is therefore apparent that it was commenced within four months of the date of invalidation of the petition. If the four-month time limitation applies, as petitioners contend, then petitioners’ challenging is timely. If, however, the 30-day time limitation of section 24 of the Municipal Home Rule Law applies, this proceeding is obviously time barred (see CPLR 217).
Section 24 of the Municipal Home Rule Law provides in pertinent part: “The clerk shall examine each such petition so filed with him and shall, not later than thirty days after the date of its filing, transmit to the legislative body a certificate that he has examined it and has found that it complies or does not comply, as the case may be, with all the requirements of law. If within thirty days after the filing of such a petition a written objection thereto be filed with the supreme court, or any justice thereof, of a judicial district in which such local government or any part thereof is located, such court or justice shall determine any question arising thereunder and make such order as justice may require.” A practical reading of section 24 leads to the conclusion that the time limitation of 30 days contained *981 therein does not apply to the proponents of a petition when the petition is rejected by the clerk. The words “written objection thereto” clearly suggest that the petition has been accepted by the clerk for filing and that an objectant may, in writing, specify his objections to the petition within 30 days of filing (see De Santis v Brown, 37 AD2d 865). Since the 30-day time limitation of section 24 begins to run from the filing and not from any action taken by the clerk, the proponents of a filed petition are not aggrieved until such time as, in the present situation, the petition is totally rejected. In such circumstances, the proponents’ objection is not to the petition as contemplated by section 24, but rather to the actions of the clerk. It goes without saying that if the 30-day time limitation was found applicable to those who file the petition, the clerk could delay until the thirtieth day to reject the petition, thereby precluding the proponents of any judicial review thereof. Statutory construction which nullifies the right of a citizen to seek judicial review of governmental action should be avoided and this precept becomes especially significant when the governmental action adversely affects a statutory permissive referendum which has been described as an “ancient and hallowed right” that can be destroyed and lost to the voters “if circumscribed by restrictive legislation or narrow interpretation of the statutes pertaining thereto.” (Matter of Potash v Molik, 35 Misc 2d 1, 3, affd on other grounds 17 AD2d 111.)
This special proceeding commenced by petitioners is found to be timely. The four-month period of limitation prescribed by CPLR 217 governs. The time limitation contained in section 24 of the Municipal Home Rule Law is inapplicable.
In respect to respondents’ remaining objections, the court finds that the petition does state a cause of action. The rejection of the petition by the clerk is not a discretionary act and is subject to challenge. The fact that the petition requests that the referendum be submitted at a general election held not less than 60 days after the filing, does not invalidate it. Such a request is specifically permitted under section 24 of the Municipal Home Rule Law.
*982 Respondents’ motion to dismiss the petition is denied. Respondents’ answers served during the pendency of this motion are premature under CPLR 7804 (subd [f]) and are therefore stricken. Respondents are granted 10 days after the service of an order based on this decision to serve new answers containing specific objections to the petition’s signatures.