■ In the Matter of WILLIAM GRAHAM, Respondent, v CITY CLERK OF THE CITY OF OGDENSBURG et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Dier, J.), entered June 1, 1984 in St. Lawrence County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent City Clerk of the City of Ogdensburg to accept and file a petition seeking a permissive referendum pursuant to section 24 of the Municipal Home Rule Law.

On March 2, 1984, a petition containing 643 signatures was filed with respondent City Clerk of the City of Ogdensburg, pursuant to section 24 of the Municipal Home Rule Law, requesting that a previously enacted local law raising the salaries of the Ogdensburg Mayor and City Council be submitted to a permissive local referendum. Section 24 (subd 1, par a) of the Municipal Home Rule Law provides that such a petition must be signed by a given percentage of "qualified electors" who were registered to vote at the last preceding general election and that the signatures on each sheet of the petition "shall be signed and authenticated in the manner provided by the election law for the

signing and authentication of designating petitions so far as applicable".

The City Clerk rejected the petitions on the ground that the signers' election districts were not indicated in the petition as required by subdivision 1 of section 6-130 and subdivision 1 of section 6-132 of the Election Law. Petitioner then brought the instant CPLR article 78 proceeding to compel the City Clerk to accept the petitions. Special Term granted petitioner the relief he sought and this appeal followed.

Concededly, the referendum petition did not comply with the requirement of the Election Law that it set forth the election district of each signatory. Petitioner, however, relies on the language of section 24 (subd 1, par a) of the Municipal Home Rule Law which directs that compliance with the provisions of the Election Law regarding designating petitions shall be "so far as applicable". Citing to *Matter of Potash v Molik* (35 Misc 2d 1, 6, affd 17 AD2d 111), petitioner contends that this requirement is inapplicable to a city-wide referendum petition and that, by setting forth each signer's address within the city, the petition substantially complied with the statute. We disagree.

Obviously, the purposes of the filing of designating petitions for the nomination of party candidates for office vary in some degree from those for filing petitions for municipal referenda and, for that reason, certain of the Election Law requirements for the signing and authentication of designating petitions are inapplicable to the latter petitions and need not be complied with (e.g., the designation of the public or party office involved and the party affiliation of the signer; see Election Law, § 6-132). With respect to the requirement that the current residence and election district of the signer of the petition be set forth, however, the purpose is the same for both referenda and designating petitions, i.e., to permit the expeditious determination of whether the signer is a "qualified elector" whose name can be counted toward the requisite number of signatures for the effectiveness of the petition and to avoid the possibility of fraud, deception or confusion (*Matter of Phillips* [*Hubbard*], 284 NY 152, 160-161). Therefore, these Election Law requirements are equally applicable to a permissive referendum petition under section 24 of the Municipal Home Rule Law.

We note also that the requirement of the designation of the signer's election district has been held to apply to similar referenda petitioners under section 91 of the Town Law (*Matter of Lindley v Babylon Town Clerk*, 80 AD2d 879, affd 53 NY2d 683). Section 91 of the Town Law similarly incorporates by reference the requirements of the Election Law with respect to the signing

and authentication of a referendum petition. Although section 91 of the Town Law does not contain the "so far as applicable" language of section 24 of the Municipal Home Rule Law, the two statutes should be construed *in pari materia,* particularly since they overlap with respect to permissive referenda for towns. Although the Special Term decision in *Matter of Potash v Molik* (*supra*) reached a contrary conclusion, it was affirmed on different grounds on appeal, and we decline to follow it here.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.