■ In the Matter of GLORIA ENGLISH et al., Appellants, v VICTORIA SEIGERMAN, as Clerk of the Legislature of the County of Rockland, et al., Respondents. — In a proceeding, *inter alia,* to review the invalidation by the respondent Seigerman, as clerk of the Legislature of the County of Rockland, of a petition for a referendum on Local Laws, 1985, No. 1 of County of Rockland, and to compel the respondents to conduct such a referendum, the petitioners appeal (1) from an order of the Supreme Court, Rockland County (Marasco, J.), dated February 27, 1985, which, upon respondents' motion to dismiss the petition, dismissed the first and third causes of action, dismissed the second cause of action "without prejudice to the commencement of a proceeding pursuant to CPLR 7803 (3)" and dismissed the fourth cause of action "without prejudice to its inclusion in the Article 78 proceeding", and (2) from a judgment of the same court, entered March 19, 1985, which dismissed the petition.

Appeal from the order dismissed, without costs or disbursements (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

Judgment reversed, without costs or disbursements, and order modified by (1) striking therefrom the provisions which granted those branches of the respondents' motion which sought to dismiss the second and fourth causes of action and substituting therefor provisions denying those branches of respondents' motion to dismiss and (2) converting the second and fourth causes of action, pursuant to CPLR 103 (c), into a proceeding pursuant to CPLR article 78 to review the determination of the respondent clerk of the Legislature of Rockland County on the ground that it was arbitrary and capricious (CPLR 7803 [3]). As so modified, order affirmed, and matter remitted to the Supreme Court, Rockland County, for further proceedings in accordance with the views expressed herein. The respondents' time to answer is extended until 10 days after the service upon them of a copy of the order to be made hereon, with notice of entry.

On November 20, 1984, the Rockland County Legislature adopted Local Laws, 1985, No. 1 of County of Rockland, reapportioning itself by the addition of one legislator, thereby increasing the number of legislators from 20 to 21. That local law was subject to a permissive referendum (*see,* Municipal Home Rule Law § 24 [2] [j]). A petition requesting that a referendum be held thereon was filed with the respondent clerk on January 3, 1985, within the statutorily prescribed 45-day period (*see,* Municipal

Home Rule Law § 24 [1] [a]). The petition contained a total of 5,863 signatures, which was more than the required total of 4,637 valid signatures.

On January 29, 1985, 26 days after receipt of the petition, the clerk forwarded a certificate to the County Legislature indicating that the petition for a referendum did not comply with the statutory form or contain the requisite number of valid signatures. The certificate stated, in relevant part:

"The petition does not meet the requirements of law for the following reasons:

"1. Petition not in accordance with the statutory form in that there is no Committee to Receive Notices.

"2. Signatures are void due to entire sheets of the petition being void by reason of defects or omissions in the witness authenticating statements.

"3. Signatures on sheets of the petition are void by reason of not being signatures of qualified electors of the County of Rockland registered to vote therein.

"4. Signatures on sheets of the petitions are void by reason of defects or omissions in dates, addresses, election or assembly districts and/or towns specified for on behalf of the individual signers.

"5. Signatures are void for miscellaneous other reasons not above specified.

| | |
|---|---|
| "TOTAL SIGNATURES SUBMITTED: | 5,863 |
| "TOTAL VOID SIGNATURES: | 3,213 |
| "REMAINING VALID SIGNATURES | 2,650 |
| "NUMBER OF SIGNATURES REQUIRED (5% of votes cast in Rockland County in 1982 Gubernatorial Election) | 4,637 |
| "DEFICIENCY IN NUMBER OF REQUIRED SIGNATURES: | 1,987". |

Thereafter, the instant proceeding, designated as one "pursuant to Municipal Home Rule Law Section 24 and Election Law Section 16-116", was commenced by petitioners. The petition contained four causes of action. The first alleged that pursuant to a recent amendment of Municipal Home Rule Law § 24 (1) (a) (L 1984, ch 434, § 14, eff Dec. 1, 1984), the respondent clerk had the mandatory duty to transmit a certificate to the County Legislature, within 15 days after receipt of the petition, indicating whether or not the petition complied "with all the requirements of law" and that the clerk had violated that mandatory duty by waiting 26 days before transmitting the certificate.

Therefore, the petitioners alleged that Local Laws, 1985, No. 1 of County of Rockland had to be placed on the ballot for a referendum.

In the second cause of action, petitioners essentially argued that the clerk's invalidation of the petition was arbitrary and capricious since she did not sufficiently specify the petition's defects in the certificate, and that, in any event, the petition was "valid in form" and contained a sufficient number of valid signatures.

In their third cause of action, petitioners alleged that, pursuant to Municipal Home Rule Law § 24 (1) (a), the clerk's certificate, in and of itself, did not invalidate the petition. Rather, according to the petitioners, the transmittal of the clerk's certificate had to be followed by written objections of the County Legislature to the petition, which were to be "timely filed with the Supreme Court".

Finally, petitioners interposed a fourth cause of action for attorney's fees, "pursuant to 42 USC 1983 and 42 USC 1988" on the ground that the respondents, under color of law, had deprived "the Petitioners and the voters of Rockland County of their right to petition for referendum, in violation of the Constitution of the State of New York and the United States".

In their motion to dismiss the petition, the respondents argued, in response to the first cause of action, that (1) in the instant case, the clerk had 30 days, and not 15 days, to transmit a certificate to the County Legislature, pursuant to the former provisions of Municipal Home Rule Law § 24 (1) (a) and the clerk's invalidation of the petition was therefore timely, and (2) even if the 15-day time limitation were applicable to the matter at bar, that provision was directory and not mandatory.

In response to the third cause of action, the respondents argued that pursuant to Municipal Home Rule Law § 24 (1) (a), the County Legislature did not have to act in any way to invalidate the petition, once the clerk had ruled that it was invalid.

With respect to the second cause of action, the respondents argued that the clerk's certificate was proper in form and the particular reasons for her decision to invalidate 3,213 signatures had been "made available" to petitioners, and the failure of the petition to specify any mistakes by the clerk demonstrated that petitioners had no cause of action. Accordingly, the respondents argued that the second cause of action, and the contingent fourth cause of action for attorney's fees, had to be dismissed.

The parties agreed at the time of their appearances before Special Term that the motion to dismiss the first and third

causes of action raised no questions of fact. Therefore, Special Term treated so much of the motion as was to dismiss the first and third causes of action as a motion for summary judgment and granted the same to the respondents, dismissing those causes of action. The court held that (1) the 15-day time limitation contained in Municipal Home Rule Law § 24 (1) (a) governed in the instant matter since the petition requesting a referendum was filed after December 1, 1984, but that this time limitation was "directory" and not "mandatory" and (2) Municipal Home Rule Law § 24 did "not impose any duty on the [County] Legislature to file objections to the petition".

Finally, Special Term dismissed the second cause of action "without prejudice to the commencement of a proceeding pursuant to CPLR 7803 (3)" and dismissed the fourth cause of action "without prejudice to its inclusion in the Article 78 proceeding".

We note at the outset that while we agree with the result reached by Special Term with regard to those branches of the respondents' motion which were to dismiss the first and third causes of action, we are of the view that the first cause of action should be dismissed for a different reason than that advanced by Special Term.

Municipal Home Rule Law § 24 (former 1) (added by L 1963, ch 843, eff Jan. 1, 1964) provided in pertinent part as follows: "§ 24. Local laws subject to referendum on petition. 1. A local law subject to referendum on petition as provided in this section or in any other state statute, if not also subject to mandatory referendum, shall not take effect until at least forty-five days after its adoption; nor until approved by the affirmative vote of a majority of the qualified electors of the local government voting on a proposition for its approval if within forty-five days after its adoption there be filed with the clerk a petition protesting against such local law, signed and authenticated as herein required by qualified electors of such local government, registered to vote therein at the last preceding general election, in number equal to at least ten per centum of the total number of votes cast for governor at the last gubernatorial election in such local government * * * The clerk shall examine each such petition so filed with him and shall, not later than thirty days after the date of its filing, transmit to the legislative body a certificate that he has examined it and has found that it complies or does not comply, as the case may be, with all the requirements of law".

Although this subdivision was renumbered and amended in 1977 (L 1977, ch 237, eff June 7, 1977) and was again amended in May 1984 (L 1984, ch 140, § 1, eff May 22, 1984), its basic

format and, in particular, the 30-day time limitation contained therein were not changed. However, on July 19, 1984, the Governor approved an amendment to Municipal Home Rule Law § 24 (1) (a), effective December 1, 1984, reducing the amount of time within which the clerk of the County Legislature has to render a determination on the validity of a petition from 30 days to 15 days.

An examination of Municipal Home Rule Law § 24 (1) (a) indicates that the adoption of the local law is the crucial act described therein since it triggers all the other procedures which are provided for in that statute. Accordingly, in view of the well-settled rule that an amendment to a statute has "prospective application only" (McKinney's Cons Laws of NY, Book 1, Statutes § 52), we hold that the 15-day time limitation contained in Municipal Home Rule Law § 24 (1) (a) is only applicable when the clerk of the County Legislature is reviewing a petition requesting a referendum on a local law adopted on or after December 1, 1984. Since Local Laws, 1985, No. 1 of County of Rockland was adopted on November 20, 1984, i.e., prior to December 1, 1984, the clerk had 30 days from the date of filing of the petition, i.e., until February 2, 1985, to transmit a certificate to the County Legislature. Since the clerk transmitted a certificate to the County Legislature on January 29, 1985, indicating that the petition was invalid, the certificate was timely.

With respect to the second cause of action, it is clear that it is essentially alleging that the clerk's invalidation of the petition was arbitrary and capricious (*see,* CPLR 7803 [3]). Since it is well settled that such a determination of a clerk is subject to challenge by way of a CPLR article 78 proceeding (*Matter of Graham v City Clerk of City of Ogdensburg,* 104 AD2d 703; *Matter of Potash v Molik,* 35 Misc 2d 1, *affd* 17 AD2d 111; *Matter of La Clair v Caswell,* 112 Misc 2d 979), Special Term should have converted the second cause of action (and the contingent fourth cause of action) into a CPLR article 78 proceeding, pursuant to CPLR 103 (c), rather than dismissing those causes of action without prejudice to replead. Accordingly, upon reviewing the order dated February 27, 1985, we have modified it by converting the second and fourth causes of action into a CPLR article 78 proceeding to review the determination of the respondent clerk. Finally, the matter must be remitted for a hearing, after respondents serve their answer, to determine if the respondent clerk was arbitrary and capricious in making her determination invalidating the petition for a referendum. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.