■ JUDE CLEMENTE et al., Respondents, v JOAN PISCITELLA, as City Clerk of the City of Troy, Appellant. [602 NYS2d 957] — Mercure, J. Appeal from a judgment of the Supreme Court

(Keegan, J.), entered October 27, 1992 in Albany County, which granted petitioners' application, in a proceeding pursuant to CPLR article 78, to compel respondent to perform her statutory duty under Municipal Home Rule Law § 37.

On July 2, 1992, two separate petitions (hereinafter the initial petitions), signed by a number of qualified electors of the City of Troy, Rensselaer County, equal to at least 10% of the total number of votes cast for Governor in the last gubernatorial election, were filed with respondent, the Troy City Clerk, pursuant to Municipal Home Rule Law § 37 (2). The petitions called for the submission to the voters of proposed local laws amending the Troy City Charter so as to (1) limit the term of office of City Council members to four consecutive terms, and (2) delete the position of City Manager in favor of an elected Mayor with veto and appointive powers, modify City purchasing practices, require the adoption of an administrative code, and modify the City's budget process. On August 1, 1992, respondent transmitted the initial petitions to the City Council together with her certificate that they complied with all of the requirements of the law (see, Municipal Home Rule Law §§ 24, 37 [5]).

Between July 2, 1992 and September 3, 1992, the City Council took no action upon the proposed local laws set forth in the initial petitions. On September 3, 1992, additional petitions (hereinafter the second petitions), signed by a number of additional electors equal to at least 5% of the total number of votes cast for Governor in the last gubernatorial election, were filed with respondent pursuant to Municipal Home Rule Law § 37 (7), calling for the submission of the same local laws to the voters. It is undisputed that respondent failed to submit a certificate to the City Council as to the sufficiency of the second petitions or to transmit the proposed local laws set forth in the initial and second petitions to the election officers charged with the duty of publishing notice of the election.

On October 5, 1992, petitioners commenced this CPLR article 78 proceeding in the nature of mandamus to compel respondent to perform her duties in accordance with Municipal Home Rule Law § 37. In defense, respondent alleged that on July 13, 1992 the Mayor appointed a Charter Commission to draft a new or revised City Charter and on July 27, 1992, the Charter Commission voted to place a question on the ballot at the general election to be held on November 3, 1992. According to a September 23, 1992 opinion of the City's

Corporation Counsel, the creation of the Charter Commission, appointment of members thereto and its submission of a question to the voters rendered the initial and second petitions moot.* As such, respondent contended, the petition failed to state a cause of action. Respondent further contended that the petition should be dismissed as time barred and for failure to include necessary parties. Supreme Court rejected respondent's defenses and granted the petition. Respondent appeals.

We affirm. Initially, we reject the contention that the proceeding was not brought within the applicable limitations period. Although Municipal Home Rule Law § 24 (1) (a) requires that written objections be filed with Supreme Court within five days following expiration of respondent's time for filing a certificate that the petition does or does not comply with law, that provision has no logical application in a case such as this where the City Clerk made no determination. It is not respondent's determination but, rather, her failure to make a determination that is the subject of petitioners' challenge. Similarly, respondent's letter of September 23, 1992, in which she merely stated that the Corporation Counsel had advised her not to certify the petitions, did not trigger the limitations period of Municipal Home Rule Law § 24 (1) (a). Under the circumstances, the four-month Statute of Limitations of CPLR 217 (1) applies (cf., Matter of La Clair v Caswell, 112 Misc 2d 979, affd 89 AD2d 786, lv dismissed 57 NY2d 604). Finally, because the proceeding seeks nothing other than to compel respondent to perform her ministerial functions under the Municipal Home Rule Law, no additional parties need be joined (see, CPLR 1001).

Weiss, P. J., Mikoll and Mahoney, JJ., concur. Ordered that the judgment is affirmed, with costs.

---

* We note that, on appeal, respondent has abandoned her argument that the Charter Commission's own proposal has rendered petitioners' ballot petitions moot.