In the Matter of CONSTANCE J. FISHER et al., Appellants, v CHRISTIAN SAMPSON et al., Respondents. [813 NYS2d 136]—

In a proceeding pursuant to CPLR article 78 to annul a determination of the respondent Christian Sampson, as Town Clerk of the Town of Ramapo, dated September 24, 2004, the petitioners appeal from a judgment of the Supreme Court, Rockland County (O'Rourke, J.), entered October 18, 2004, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

On August 26, 2004 pursuant to Town Law § 81 (2) (b), the petitioner Constance J. Fisher filed a petition (hereinafter the Fisher petition) with the respondent Christian Sampson, the Town Clerk of the Town of Ramapo (hereinafter the Town Clerk), requesting that a proposition be submitted to the electors of the Town of Ramapo. The proposition read, "Shall the ward system for the election of councilmen in the Town of Ramapo be established?" The Fisher petition, which in this case required at least 1,365 signatures, contained 3,762 signatures. Thereafter, on August 30, 2004, the individual respondents submitted general objections to the Fisher petition, and on September 3, 2004 they filed specific objections thereto. On September 7, 2004 a letter responding to the specific objections was filed with the Town Clerk on behalf of Fisher.

On September 24, 2004, the Town Clerk issued a "Determi-

nation and Findings" on the validity of the Fisher petition. The determination invalidated all of the 3,762 signatures on the basis of one of the specific objections. That objection pointed out that the preamble of the Fisher petition failed to state that the signors' current place of residence was "truly stated opposite his or her signature." The determination reasoned that Town Law § 81 (4) requires that petitions submitted under that statute "shall be subscribed and authenticated, in the manner provided by the election law for the authentication of nominating petitions." In turn, Election Law § 6-140, which governs nominating petitions, requires, in pertinent part, that the witness state his or her "present place of residence is truly stated opposite" the witness's signature. The determination concluded that the latter language was statutorily mandated, and since the Fisher petition failed to comply, the subject proposition could not be placed on the ballot.

Thereafter, this CPLR article 78 proceeding was commenced. The petitioners sought a judgment annulling the determination, adjudging the Fisher petition to be sufficient, and directing the respondent Town Board to schedule an election on the subject proposition "between 60 and 75 days from August 26, 2004 (and specifically on Election Day, November 2, 2004) as required by Town Law § 82."

In the judgment appealed from, the Supreme Court, in effect, denied the petition and dismissed the proceeding. The court found that the Rockland County Board of Elections (hereinafter the Board of Elections) was a necessary party to the proceeding pursuant to CPLR 1001. The court found that the petitioners' failure to join the Board of Elections as a party was a fatal defect that could not be remedied at that time, and accordingly, that the proceeding had to be dismissed. The court further found, in any event, that were it to address the merits of the proceeding, it would have denied the petition on the merits based upon *Matter of Kurtz v Town of Amherst* (244 AD2d 895 [1997]).

While we disagree that the Board of Elections is a necessary party, we agree with the Supreme Court on the merits. Accordingly, we affirm. We reject the argument that the Board of Elections is a necessary party. The role served by the Board of Elections in a matter of this nature, as identified by the respondents, is purely ministerial, and thus its joinder in this proceeding was not required (*see Matter of Gimbrone v Stevenson,* 8 AD3d 959, 961 [2004]).

On the merits, we agree with the Supreme Court that the Fisher petition was invalid (*see Matter of Kurtz v Town of*

*Amherst, supra*). Town Law § 81 (4) requires that a petition such as the Fisher petition "shall be subscribed and authenticated, in the manner provided by the [E]lection [L]aw for the authentication of nominating petitions, by electors of the town qualified to vote upon a proposition to raise and expend money." Although this language does not incorporate all of the substantive requirements of a designating petition under the Election Law, it does incorporate those requirements that are relevant to the validity of a petition with respect to a ballot proposition (*see Matter of Graham v City Clerk of City of Ogdensburg*, 104 AD2d 703 [1984]). As reflected in the form of the designating petition under the Election Law, an essential part of that authentication is the voter's affirmation "that my present place of residence is truly stated opposite my signature hereto" (Election Law § 6-140 [1] [a]). Such information, including the voter's affirmation to that effect is equally relevant to a ballot proposition petition, since the petition is valid only if signed by a sufficient number of qualified voters (*see* Town Law § 81 [4]). Thus, because the purpose of including that language with respect to a petition on a proposition is the same for a proposition petition as it is for a designating petition, the language is required (*see Matter of Graham v City Clerk of City of Ogdensburg, supra*). Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.