In the Matter of the Application of the VILLAGE OF HAVERSTRAW for a Judicial Determination of Questions Arising under a Petition Requesting a Referendum.

Supreme Court, Rockland County, April 11, 1932.

*George S. Raymond*, for the petitioner.

*Joseph F. Haher*, for the respondent.

WITSCHIEF, J. The board of trustees of the village of Haverstraw, a village of the first class, adopted a resolution fixing the salaries of the mayor and trustees at $750 and $500 per annum, respectively.

Within thirty days thereafter a petition was filed with the village

clerk protesting against the resolution, and an election is to be held pursuant to section 139 of the Village Law (added by Laws of 1927, chap. 650, as amd. by Laws of 1928, chap. 48).

The village, by its board of trustees, challenges the validity of the petition.

Upon so delicate a question as that of allowing a review of its resolution fixing its own salaries, the wisdom of the board of trustees in evading the issue may well be doubted, but that is a matter for the consideration of the board of trustees, and not for the court.

If the petition is defective, and it is believed that it is, no election can be held which is based upon that petition.

Section 139-a of the Village Law (added by Laws of 1927, chap. 650, as amd. by Laws of 1928, chap. 215) provides that the petition may be made upon separate sheets, but that " the signatures to each sheet shall be authenticated " as provided in the Election Law for the authentication of designating petitions.

The Village Law (§ 139-a) also provides that the " several sheets so signed and authenticated when fastened together * * * " shall be deemed to constitute one petition.

The wording of the Village Law, section 139-a, and of the Election Law, section 135 (as amd. by Laws of 1923, chap. 597), clearly indicates the requirement to be that the signatures upon each sheet shall be authenticated, and that the authentication shall appear upon each separate sheet.

The petition as filed consisted of separate sheets, not fastened together, and many of the sheets wholly unauthenticated. Signatures appeared upon the front and back of some sheets, and the attempted authentication was on a separate sheet.

The number of electors upon properly authenticated sheets is less than the number necessary to justify an election.

Evidence taken in this proceeding also indicates that several signatures were not the genuine signatures of electors, although made at the request and direction of the electors, some of whom are unable to write.

It follows that the petition for a referendum must be held defective and insufficient to justify a submission of the resolution to the electors of the village.