OPINION OF THE COURT
Joseph J. Sedita, J.
These motions require an interpretation of the procedural requirements of section 91 of the Town Law. This section sets forth the procedural requirements for the initiation of a permissive referendum for certain types of acts or resolutions of a town board. In this case the respondent town has acted to acquire a certain water system, and to establish a new water district.
*952 The Town Clerk accepted the referendum petition in question for filing, and the town filed objections within five days as required by section 91 of the Town Law. However, if the petition is to be properly challenged it must also be brought to Supreme Court for a determination of the validity of the objections. Our instant proceeding was commenced after the five-day period had elapsed.
The seminal issue which must be resolved before any others is whether or not the challenge to the petitions must be dismissed for failure to submit a petition to a Supreme Court Justice within five days. This issue has not been clearly resolved by any reported case. It would, therefore, appear that this is a case of first impression.
The statutory language in issue states: "If, within five days after the filing of such petition, a written objection thereto be filed with the town clerk, and a verified petition setting forth the objections be presented by the person so filing such objections to the supreme court or any justice thereof of the judicial district in which such town is located, such court or justice within twenty days shall determine any question arising thereunder and make such order as justice may require” (Town Law § 91; emphasis added).
To begin our inquiry into the proper interpretation of this language, we sought help from the legislative record associated with this legislation which was enacted in 1932 (L 1932, ch 634). However, the "Bill Jacket” contained no information by which we could illuminate the intentions of its creators. Our next step was to review the rules for the construction of statutes.
The rules for the construction of statutes direct us to utilize the "natural and obvious meaning” of words, to consider the "general purpose” of the statute, the mischief to be remedied, and to construe all parts together and in harmony. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94-98.)
Keeping these rules of construction in mind, we note that the clear purpose of this statute is to provide a specific procedure for the challenge of this type of permissive referendum petition. An opinion of the State Comptroller has held that this is the exclusive remedy by which such a petition can be challenged. (1953 Opns St Comp No. 6331, at 318; see also, Matter of Cox v Town Council, 40 Misc 2d 531.)
We note that in this, as in other election matters, timing is important due to the practical requirements for conducting an *953 election. Time requirements were obviously important to the Legislature in enacting this legislation, wherein they specifically set forth the "five day” requirement. Would it not be odd and illogical for the Legislature to be very specific about the time to file objections, but be silent and open-ended about initiating an intervention by the Supreme Court?
We note that the phrase specifying the five-day time period for filing objections and the requirement to bring a petition to a Supreme Court Justice are in the same sentence connected by the conjunctive word "and”. While grammar should not absolutely dictate our interpretation of statutory language, it is of some usefulness in discovering the intent and purpose of the Legislature. The use of a unified sentence and the conjunctive "and” would seem to indicate an intent to apply the specified time limitation to both aspects.
An interpretation which included the Supreme Court petition within the five-day rule would not only make grammatical sense, but would serve the obvious procedural purpose of expediting any objections and their resolution in court. This would enhance the timely and orderly progression of, and preparation for, the electoral process.
It is our considered opinion that the Legislature intended both the filing of objections and the submission to Supreme Court to take place within five days. Given the practical time pressures inherent in electoral procedure this cannot be considered a mere directory guideline. The opposition has not in any way waived these objections.
Accordingly, this application to dismiss these objections for failure to comply with the requirements of section 91 of the Town Law is granted. This determination renders moot a consideration of the merits of the objection.