(October 30, 2003)

■ In the Matter of FREDERICK C. BRODA et al., Appellants-Respondents, v BRIAN MONAHAN, as Mayor of the Village of Dobbs Ferry, et al., Respondents-Appellants, et al.,

Respondents. [767 NYS2d 111] —In a proceeding pursuant to CPLR article 78 to compel the Board of Trustees of Dobbs Ferry, Mary Alice Barnett as Village Clerk of Dobbs Ferry, and the Commissioners of the Westchester County Board of Elections to place on the ballot for the general election to be held on November 4, 2003, a certain proposition for referendum vote by qualified electors of the Village of Dobbs Ferry under which the general village election of the Village of Dobbs Ferry would be held on the Tuesday next succeeding the first Monday in November, and the term of office of each elected village officer currently holding office would terminate at noon on the first Monday in December in the year in which his or her term would otherwise expire, the petitioners appeal (1) from so much of an order of the Supreme Court, Westchester County (Dillon, J.), dated October 15, 2003, as, after a hearing, granted the motion of Brian Monahan as Mayor of Dobbs Ferry, the Board of Trustees of Dobbs Ferry, and Mary Alice Barnett as Village Clerk of Dobbs Ferry, to dismiss the proceeding, and (2), as limited by their brief, from so much of an order of the same court entered October 23, 2003, as, upon reargument, adhered to the original determination, and Brian Monahan as Mayor of Dobbs Ferry, the Board of Trustees of Dobbs Ferry, and Mary Alice Barnett as Village Clerk of Dobbs Ferry, cross-appeal from stated portions of the order dated October 15, 2003.

Ordered that the cross appeal is dismissed, without costs or disbursements, as the cross appellants are not aggrieved by the order dated October 15, 2003 (see CPLR 5511); and it is further,

Ordered that on the Court's own motion, the notice of appeal is treated as an application for leave to appeal from the orders, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated October 15, 2003, is dismissed, without costs or disbursements, as that order was superseded by the order entered October 23, 2003, made upon reargument; and it is further,

Ordered that the order entered October 23, 2003, is affirmed insofar as appealed from, without costs or disbursements.

On September 22, 2003, the petitioners filed with Mary Alice Barnett, the Village Clerk of the Village of Dobbs Ferry, a petition containing 613 signatures, to have a proposition submitted to a vote of the qualified electors of the Village on Election Day, November 4, 2003. The proposition, entitled "Petition for Referendum on Proposal" sought to change the date of the general village election to coincide with the date of the general

election. The next day, September 23, 2003, at a duly-held meeting of the Board of Trustees (hereinafter the Board), Brian Monahan, the Mayor of Dobbs Ferry (hereinafter the Mayor), acknowledged receipt of the petition by the Village and indicated that it was being reviewed by the Village Clerk and the Village Attorney for compliance with the laws of the State of New York.

On October 1, 2003, the Village Clerk completed an examination of the petition and transmitted a certificate to the Board informing it that she had examined the petition and concluded that the petition complied with the requirements of the laws of the State of New York. On October 2, 2003, the petitioners commenced this proceeding to compel the Board, the Village Clerk, and the Commissioners of the Westchester County Board of Elections to place the proposition on the November 4, 2003, general election ballot. The Mayor, the Board, and the Village Clerk subsequently moved to dismiss the petition. The Supreme Court granted the motion, and upon reargument, adhered to that determination. Although the Supreme Court improperly relied on Municipal Home Rule § 24 in its determination we nevertheless affirm on other grounds.

The petitioners complied with the requirements of Village Law § 9-912, which sets forth the procedures for citizen-initiated propositions to be considered by a vote of qualified electors of a village. However, Election Law § 4-108 (1) (b) requires the Village Clerk to transmit to the Board of Elections, within 36 days before the election, a certified copy of the text of any proposal which "is to be submitted to a vote of the people of * * * [the] village." This section requires a village clerk to transmit such certified copy to the Board of Elections when it is *certain* that such proposal will in fact be placed on the ballot. At the time this deadline expired, September 29, 2003, the Village Clerk was still in the process of reviewing the petition for the purpose of certification. Therefore, as of September 29, 2003, the Village Clerk could not forward to the Westchester County Board of Elections a certified copy of the text of the proposal pursuant to Election Law § 4-108 (1) (b). The petitioners failed to rebut the Village Clerk's statement in her affidavit that she did not delay in her review of the petition and that she did not engage in inaction with respect thereto.

Accordingly, under the circumstances, the Supreme Court properly granted the motion to dismiss this proceeding, and upon reargument, correctly adhered to that determination. Santucci, J.P., Adams, Crane and Cozier, JJ., concur.