OPINION OF THE COURT
Robert J. Lunn, J.
On March 11, 2004, the Geneseo Town Board passed three *689 resolutions all relating to the renovation and construction of an addition to the existing Town and Village Municipal Building at 119 Main Street, Geneseo, New York, and the lease of space at 131-B Main Street for use by the Town and Village Courts and Geneseo Village Police Department. The first resolution authorized the sale of bonds or bond anticipation notes to finance the town’s share of construction of the addition. The second resolution authorized the sale of bonds to finance the renovation of the third floor of the municipal building. The third resolution authorized the town to enter into an eight-year lease for space to accommodate the joint town and village court facility. All three resolutions were made subject to a special referendum of town voters. The referendum was held on April 6, 2004. All three propositions were passed by the town voters. On April 15, 2004, pursuant to Local Finance Law § 81.00, estoppel notices relative to the bonding resolutions were published in the town’s official newspaper. This CPLR article 78 petition was commenced on May 7, 2004. On May 27, 2004, the town board rescinded the lease resolution, rendering petitioner’s challenge to that particular resolution moot.
In this special proceeding, petitioner seeks an order annulling, vacating and setting aside all three March 11, 2004 resolutions of the Geneseo Town Board arguing that the special referendum was invalid because it was held in violation of Town Law § 91. Town Law § 91, when read in conjunction with Town Law § 94, provides in pertinent part that “a proposition for the approval of such act or resolution shall be submitted at a special town election to be held not less than sixty nor more than seventy-five days after the filing of such [resolution].” Here, the special election was held on April 6, 2004, only 28 days following adoption and filing of the resolutions authorizing the special referendum.
Respondent concedes that the special election was held in violation of the time prescribed by Town Law § 91. However, it counters that this proceeding is time-barred by the applicable statute of limitations. Two of the three resolutions which petitioner seeks to vacate are bonding resolutions which were submitted to a special referendum of town voters. Local Finance Law § 81.00 (b) requires that, if a bonding resolution contains the statement referred to in section 80.00 of the Local Finance Law, which these resolutions did, then the notice contained in Local Finance Law § 81.00 shall be published following the referendum. Local Finance Law § 82.00 provides as follows:
“After the publication of a resolution, summary of *690 such resolution or certificate together with such a notice, the validity of the obligations authorized thereby may be contested only if:
“1. Such obligations were authorized for an object or purpose for which the municipality, school district or district corporation is not authorized to expend money, or
“2. The provisions of law which should have been complied with at the date of the publication of such resolution, summary of such resolution or certificate were not substantially complied with, and an action, suit or proceeding contesting such validity is commenced within twenty days after such publication, or
“3. Such obligations were authorized in violation of the provisions of the constitution.”
Petitioner does not claim that the purpose for which the town sought the financing was not the type or purpose for which the town was authorized to expend money. Nor does petitioner raise any constitutional challenge to the resolutions or special election. His only claim is a statutory procedural irregularity in the date the special election was held which ultimately authorized the bonding resolutions. Accordingly, this type of challenge to the bonding resolution is subject to the 20-day statute of limitations set forth in Local Finance Law § 82.00 (2). This proceeding must have been commenced within 20 days of publication of the bonding estoppel notice required by Local Finance Law § 81.00 (see Ayers v County of Greene, 132 AD2d 66 [3d Dept 1987]).
Petitioner argues that if this court were to hold that the 20-day limitations period of Local Finance Law § 82.00 applied to this bonding resolution, then any town could modify Town Law § 91 simply by holding a referendum before the 60-day period expired and then publishing an estoppel notice. This argument assumes that if a timely challenge was made within the 20-day limitations period, a court in every instance would uphold the early vote. Surely a court would be hard pressed to condone the hypothetical example offered by petitioner’s attorney at Special Term of an election held on only one day’s notice.
Petitioner’s argument is also flawed in that he cites no other applicable statute of limitations to a proceeding seeking to annul a bonding resolution. If, as petitioner claims, the limitations period contained in Local Finance Law § 82.00 does not apply, *691 then certainly some other must because every cause of action or special proceeding must be subject to some statute of limitations. Otherwise, the important policy embodied by the various statutes of limitations of “giving repose to human affairs” would be lost (see Flanagan v Mount Eden Gen. Hosp., 24 NY2d 427, 429 [1969]). In the area of elections, short statutes of limitation are the norm and not the exception (see Election Law art 16).
This court is unaware of any other statute of Hmitations applicable to this proceeding. It is subject to the 20-day limitations period contained in Local Finance Law § 82.00. Contrary to petitioner’s assertion, there is nothing in Local Finance Law § 81.00 or § 82.00 which requires the obligations authorized by the bonding resolutions to actually have been issued prior to the estoppel notices being published. Publication of the estoppel notices was done on April 15, 2004. This action had to have been commenced on or before May 5, 2004. It was commenced on May 7, 2004. Therefore, it is untimely and must be dismissed.
Pursuant to Local Finance Law § 83.00, this court also holds that the legal requirements necessary to authorize the bonding in question were substantially complied with. Local Finance Law § 83.00 (b) provides:
“The court may determine that the provisions of law which should have been complied with were substantially complied with if:
“1. They authorized the aggregate amount of obligations authorized by such resolution or certificate.
“2. Such resolution was adopted by the required vote of the finance board or such certificate was duly made by such chief fiscal officer.
“3. Such resolution or the proposition for the expenditure of money for the object or purpose for which such resolution authorizes the issuance of obligations, as the case may be, was adopted at the election or meeting, if any, to which it was submitted.”
The petition fails to raise an issue of fact as to any of these criteria. Accordingly, the court finds substantial compliance with all relevant legal requirements notwithstanding any irregularities or failure to observe technicalities in either
“[t]he form of such proposition, resolution or certificate[,] . . . [t]he notice of the election or meeting to which such proposition or resolution was submitted or of the meeting at which the finance board *692 adopted such resolution[,] . . . [t]he time or manner of the service or publication of such notice[, or] . . . [t]he conduct of the election, meeting or meetings at which such proposition or resolution was adopted.” (Local Finance Law § 83.00 [c].)
Lastly, petitioner has not cited any prejudice, fraud or any other infirmity which may have resulted from the town holding the election earlier than provided for in Town Law § 91. Nowhere has Mr. Brunner set forth how he was harmed or otherwise aggrieved by the town holding the special election earlier than as otherwise required by Town Law § 91. Petitioner has failed to provide this court with a single affidavit from any potential voter who may have been disenfranchised because of the town board’s actions. To the contrary, this record demonstrates that there was ample public notice, discourse, newspaper coverage and dissemination of information by the town relative to the issue of renovating the municipal facilities prior to the vote. The voters passed all three resolutions by wide margins. There is no suggestion that the town has proceeded on anything but good faith. To annul the election on the technicality alleged by petitioner would serve no useful public purpose and “would only delay the project, deny the community a needed improvement and add to its cost” (see Matter of Ecker v Town of W. Seneca, 87 Misc 2d 322, 326 [Sup Ct, Erie County 1976]). This court declines to impose this additional burden on the Town of Geneseo.
For the foregoing reasons, the petition is denied and dismissed in its entirety.