Matter of Long v Town of Caroga (2023 NY Slip Op 04352)

Matter of Long v Town of Caroga

2023 NY Slip Op 04352

Decided on August 17, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 17, 2023

CV-23-0720
[*1]In the Matter of Anita M. Long, Appellant,
v
Town of Caroga et al., Respondents.

Calendar Date:August 17, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Anita M. Long, Caroga Lake, appellant pro se.
Girvin & Ferlazzo, PC, Albany (Christopher P. Langlois of counsel), for respondents.

Per Curiam.
Appeal from a judgment of the Supreme Court (Martin D. Auffredou, J.), entered April 13, 2023 in Fulton County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-116, to, among other things, validate three petitions seeking a permissive referendum on three bond resolutions passed by the Town Board for respondent Town of Caroga.
On September 14, 2022, the Town Board for respondent Town of Caroga adopted three bond resolutions authorizing the issuance of serial general obligation bonds to fund the construction of a Town barn/highway garage (Resolution No. 2022-133), a Town golf course storage and maintenance facility (Resolution No. 2022-134) and a Town salt/sand storage building (Resolution No. 2022-135). On October 11, 2022, petitioner filed three separate petitions with respondent Linda Gilbert, the Town Clerk, requesting, pursuant to Town Law § 91, that a permissive referendum be held on each of the three bond resolutions adopted by the Board. Thereafter, the Town Clerk rejected the referendum petitions as invalid. Following the October 13, 2022 expiration of the 30-day period for the submission and filing of such petitions, and with no other referendum petitions having been filed, the Town Clerk published the required legal notices of the adopted resolutions on October 25, 2022, along with an "estoppel clause" or statement (Local Finance Law § 81.00 [b]; see Town Law § 91). The Town Clerk issued three determinations on November 9, 2022 (hereinafter the determinations), finding that the three referendum petitions were facially defective, and therefore invalid, because each petition failed to satisfy certain statutory requirements by not including (1) a statement specifically "protesting against" the bond resolution (Town Law § 91), (2) a statement by each signee stating that their "present place of residence is truly stated opposite [their] signature" (Election Law § 6-140 [1] [a]) and (3) "[w]itness identification information" in the statement of witness section located at the bottom of each sheet of the petition (Election Law § 6-140 [1] [b]).
The following day, November 10, 2022, petitioner filed written objections to the determinations with the Town, Town Clerk and respondent Scott Horton, the Town Supervisor. That same day, petitioner commenced, by verified petition, the instant proceeding pursuant to Election Law § 16-116 seeking to, among other things, validate each of the three petitions seeking a permissive referendum on each of the bond resolutions. Petitioner argued, among other things, that the Town Clerk lacked authority under Town Law § 91 to reject the referendum petitions, that the determinations rejecting the referendum petitions were untimely, that the referendum petitions were in fact valid and that the Town Clerk improperly caused the publication of the legal notices containing an estoppel statement. Following joinder of issue, Supreme Court dismissed the petition, finding, as relevant [*2]here, that a town clerk has the inherent authority to reject a referendum petition that is insufficient on its face, that the Town Clerk's rejection of the subject referendum petitions was timely and proper under Municipal Home Rule Law § 24 (1) (a) and that the subsequent issuance and publication of bond estoppel notices was also proper given the absence of any valid referendum petitions. Petitioner appeals.[FN1]
Inasmuch as the plain and unambiguous statutory requirements applicable to a referendum petition (see Town Law § 91) were not followed here, we reverse. "We begin our analysis by recognizing that any attempt to prevent a permissive referendum should be viewed with utmost circumspection since the right to petition the government is deeply rooted in our democracy" (Matter of Millar v Tolly, 252 AD2d 872, 873 [3d Dept 1998] [citation omitted]; see Matter of Potash v Molik, 35 Misc 2d 1, 3 [Sup Ct, Erie County 1962], affd 17 AD2d 111 [4th Dept 1962]; see also Matter of Conners v Town of Colonie, 108 AD3d 837, 841 [3d Dept 2013]). Under the relevant statutory scheme, a resolution, such as those at issue here, "shall not take effect until [30] days after its adoption; nor until approved by the affirmative vote of a majority of the qualified electors of such town or district affected, voting on such proposition, if within [30] days after its adoption there be filed with the town clerk a petition signed[ ] and acknowledged . . . by electors of the town qualified to vote upon a proposition to raise and expend money, . . . protesting against such act or resolution and requesting that it be submitted to the qualified electors of the town or district affected, for their approval or disapproval. . . . If, within five days after the filing of such petition, a written objection thereto be filed with the town clerk, and a verified petition setting forth the objections be presented by the person so filing such objections to the supreme court or any justice thereof of the judicial district in which such town is located, such court or justice within [20] days shall determine any question arising thereunder and make such order as justice may require. Such proceeding shall be heard and determined in the manner prescribed by [Election Law § 16-116]" (Town Law § 91 [emphasis added]; see Matter of Graham v City Clerk of City of Ogdensburg, 104 AD2d 703, 704-705 [3d Dept 1984]).
A town clerk has a statutory duty to accept and "file all . . . papers required by law to be filed in his [or her] office" (Town Law § 30 [2]). As relevant here, such duty includes the authority to perform a ministerial examination of a referendum petition and to reject its filing if said petition is insufficient on its face (see Matter of Wicksel v Cohen, 262 NY 446, 448-449 [1933]; Matter of Scavo v Albany County Bd. of Elections, 131 AD3d 796, 797 [3d Dept 2015], lv denied 25 NY3d 914 [2015]; Matter of Scaturro v Maloney, 76 AD3d 688, 690 [2d Dept 2010]; 9 Ops St Comp No. 6331 at 319 [[*3]1953]; see also Schwartz v Heffernan, 304 NY 474, 480 [1952]; Matter of McGovern [Olson], 291 NY 104, 108 [1943]; Matter of Adamczyk v Mohr, 87 AD3d 833, 835 [4th Dept 2011], lv denied 17 NY3d 706 [2011]). "The distinction between ministerial and judicial acts is that where the law prescribes the rule to be followed so as to leave nothing to the exercise of judgment or discretion, the act is a ministerial act, but where the act involves the exercise of judgment or discretion in determining whether the duty exists, the act is judicial" (Matter of Wicksel v Cohen, 262 NY at 449).
We need not, however, decide whether the Town Clerk acted beyond the scope of her authority in rejecting the referendum petitions prior to their filing because, contrary to respondents' contentions, the subject referendum petitions were received and accepted for filing by the Town Clerk on October 11, 2022 (cf. Matter of Veteran v Tarrytown Citizens' Party for Vil. Offs. of Vil. of Tarrytown, 13 Misc 2d 664, 666 [Sup Ct, Westchester County 1958]). The record contains a receipt of filing stating that the Town Clerk "received from [petitioner] three petitions" which were identified by name in the receipt. The receipt issued by the Town Clerk also bears both a signature and a date stamp indicating that the petitions were received for filing (see Town Law § 30 [2]; see also CPLR 304 [c]; 2102, 5016 [a]). The receipt issued and signed by the Town Clerk did not constitute a legal rejection of the petition within the contemplation of Town Law § 91 and, as a matter of fact, was not so intended by her to be a rejection since she stated in her own affidavit that she subsequently reviewed the filed petitions with both the Association of Towns of the State of New York and the town attorney and consulted with them regarding the petitions' handling.
Respondents contend that the Town Clerk's substantive review and rejection was timely because she was required, pursuant to Municipal Home Rule Law § 24 (1) (a), to "examine each such [referendum] petition so filed with him [or her] and[,] not later than [30] days after the date of its filing," certify whether each petition complied "with all the requirements of law." However, respondents' reliance on Municipal Home Rule Law § 24 is misplaced, as that provision applies only to "local law[s] adopted by a . . . town and subject to referendum on petition." Rather, the referendum petitions at issue here are governed by Town Law § 91, which applies to "resolution[s] or act[s] of the town board" subject to referendum on petition and requires that a person wishing to challenge the petition must file a written objection with the town clerk and a verified petition in Supreme Court "within five days after the filing of such petition" (Town Law § 91 [emphasis added]; compare Matter of Graham v City Clerk of City of Ogdensburg, 104 AD2d at 703-705, with Matter of Cox v Town Council of Town of Haverstraw, 40 Misc 2d 531, 534 [Sup Ct, Rockland County 1963[*4]]). Consequently, in the absence of any party fulfilling Town Law § 91's dual requirement of filing written objections to the referendum petitions and an application to Supreme Court within five days after the petitions' filing on October 11, 2022, the Town Board should have fulfilled its duty and made "the statutory arrangements to fix a day for holding [an election] within the timetable prescribed by law" (Matter of Cox v Town Council of Town of Haverstraw, 40 Misc 2d at 534; see Town Law § 91). Given the validity of the referendum petitions, and the absence of any other valid objections, we need not pass upon the merits of the Town Clerk's objections or make a determination with respect thereto (see Donohue v Town of Hamburg, 143 Misc 2d 951, 953 [Sup Ct, Erie County 1989]; cf. Matter of Fossella v Dinkins, 114 AD2d 340, 342 [2d Dept 1985]).
Finally, although the Town Board failed to hold a biennial or special election within the required time frames, the delay here is not attributable to the parties but to the fact that a determination on the Election Law petition was not rendered within 20 days, as required under Town Law § 91 (compare Matter of Cox v Town Council of Town of Haverstraw, 40 Misc 2d at 535-536, with Matter of Brunner v Town of Geneseo, 4 Misc 3d 688, 692 [Sup Ct, Livingston County 2004], affd 16 AD3d 1110 [4th Dept 2005], and Matter of Queensbury Assn. v Town Bd. of Town of Queensbury, 135 Misc 2d 118, 120-121 [Sup Ct, Warren County 1987]). Because the electorate should not be disenfranchised due to judicial delay, we direct the Town Clerk to immediately transmit to the Fulton County Board of Elections, for submission to the electorate at the next biennial town election to be held on November 7, 2023 (see Town Law § 80), a certified text copy of the two bond resolutions authorizing the issuance of serial general obligation bonds to fund the construction of a Town barn/highway garage (Resolution No. 2022-133) and a Town golf course storage and maintenance facility (Resolution No. 2022-134) (see Election Law § 4-108; Matter of Potash v Molik, 17 AD2d 111, 122 [4th Dept 1962]; cf. Matter of Broda v Monahan, 309 AD2d 959, 961 [2d Dept 2003]). To the extent that petitioner's remaining challenges are properly before us, including her arguments concerning the publication of the legal notices of the adopted resolutions which contain an "estoppel clause," they are rendered academic in light of our determination or have been considered and found to be without merit.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition regarding the two referendum petitions for Resolution No. 2022-133 and Resolution No. 2022-134; petition granted to that extent, and the Town Clerk is directed to immediately transmit to the Fulton County Board of Elections, for submission to the electorate at the election [*5]to be held on November 7, 2023, a certified text copy of Resolution No. 2022-133 and Resolution No. 2022-134; and, as so modified, affirmed.

Footnotes

Footnote 1: The record reflects, and Supreme Court indicated, that, on November 19, 2022, the Town Board formally rescinded the resolution authorizing the issuance of serial general obligation bonds for the construction of the Town salt/sand storage building (Resolution No. 2022-135). As such, the portion of the verified petition challenging the Town Clerk's determination rejecting the referendum petition pertaining to that resolution, and any arguments raised on appeal with regard thereto, is moot (see Matter of Brunner v Town of Geneseo, 4 Misc 3d 688, 689 [Sup Ct, Livingston County 2004], affd 16 AD3d 1110 [4th Dept 2005]).