Matter of Winter v Luft (2024 NY Slip Op 04364)

Matter of Winter v Luft

2024 NY Slip Op 04364

Decided on September 6, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 6, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2024-07208
 (Index No. 65112/24)

[*1]In the Matter of Erica R. Winter, et al., petitioners- respondents, 
v
Lindsey M. Luft, in her capacity as Village Clerk for the Village of Pelham Manor, New York, et al., appellants, Taijan M. Nelson, etc., respondent-respondent, et al., respondent.

DECISION & ORDER
In a proceeding, inter alia, pursuant to Election Law article 16 to validate a petition to hold a referendum on a certain proposition and to compel Lindsey M. Luft, in her capacity as Village Clerk for the Village of Pelham Manor, New York, the Board of Trustees of the Village of Pelham Manor, New York, and the Westchester County Board of Elections to place on the ballot for a general election to be held on November 5, 2024, that proposition for a referendum vote by qualified electors of the Village of Pelham Manor, Lindsey M. Luft, in her capacity as Village Clerk for the Village of Pelham Manor, New York, and the Board of Trustees of the Village of Pelham Manor, New York, appeal, and Douglas A. Colety, a Commissioner of the Westchester County Board of Elections, separately appeals, from a final order and judgment (one paper) of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated July 30, 2024. The final order and judgment denied the motion of Lindsey M. Luft, in her capacity as Village Clerk for the Village of Pelham Manor, New York, and the Board of Trustees of the Village of Pelham Manor, New York, to dismiss the petition, among other things, to validate the petition to hold a referendum, and granted the petition, inter alia, to validate the petition to hold a referendum.
ORDERED that the final order and judgment is affirmed, without costs or disbursements.
On July 1, 2024, the petitioners filed a petition containing 801 signatures of duly qualified electors of the Village of Pelham Manor with Lindsay M. Luft, in her capacity as Village Clerk for the Village of Pelham Manor, New York (hereinafter the Village Clerk), requesting that a certain proposition be placed for a referendum vote on the ballot for a general election to be held on November 5, 2024. More specifically, the petition sought "to change the date of the General Village Election for the Village . . . from the third Tuesday in March to the Tuesday next succeeding the first Monday in November (to coincide with the date of the General Election, as defined in New York State Election Law § 8-100), and to fix a date by which successor Village Officers' terms of office shall commence (pursuant to New York State [Election] Law § 15-104[2]), be submitted to a vote of the qualified electors of the Village . . . for their approval or rejection, as provided by law, at the next General Election to be held on Tuesday, November 5, 2024," and sought to have this referendum conducted by the Westchester County Board of Elections (hereinafter the County BOE) in accordance with Election Law § 4-108.
The specific question that the petitioners sought to place on the November 5, 2024 [*2]ballot was framed as follows: "Shall the General Village Election of the Village . . . be held annually on the Tuesday next succeeding the first Monday in November and be conducted by [the County BOE], with the term of office of each elected Village Officer currently holding office extended so as to terminate at noon on the first Monday in December in the year in which their term of office would otherwise expire, upon which date the term of office of any subsequently-elected Village Officer will commence?"
On July 5, 2024, the Village Clerk rejected the petition to hold the referendum on various grounds, including purported violations of Village Law § 9-912, which sets forth procedures "for citizen-initiated propositions to be considered by a vote of qualified electors of a village" (Matter of Broda v Monahan, 309 AD2d 959, 961).
On July 8, 2024, the petitioners commenced this proceeding against the Village Clerk, the Board of Trustees of the Village (hereinafter the Trustees), the County BOE, and its Commissioners, Tajian M. Nelson and Douglas A. Colety, seeking to validate the petition to hold the referendum and to direct that the question be placed on the November 5, 2024 ballot. The Village Clerk and the Trustees moved to dismiss the petition, inter alia, to validate the petition to hold the referendum.
In a final order and judgment dated July 30, 2024, the Supreme Court denied the motion of the Village Clerk and the Trustees to dismiss the petition, inter alia, to validate the petition to hold the referendum, granted the petition, among other things, to validate the petition to hold the referendum and, inter alia, "directe[d] the [Village Clerk] to transmit immediately a certified copy of the text of such referendum and a statement of the form in which it is to be submitted to the [County BOE] and otherwise comply with Election Law § 4-108." The Village Clerk and the Trustees appeal, and Colety separately appeals (hereinafter collectively the appellants).
Village Law § 9-912(1) provides, in relevant part, that a Village board of trustees "shall, upon the petition of at least two hundred electors in villages containing a population of [5,000] or more . . . cause a proposition on any of the questions [enumerated in Village Law § 9-912(2)] to be submitted at a regular or special village election as such elections are defined in the election law" (emphasis added). One of the enumerated questions that "shall be submitted as [a] proposition[ ]" is "[w]hether or not the month of the general village election should be changed" (id. § 9-912[2][d]). Unlike the terms "general village election" or "special village election," the term "regular" election is not specifically defined in article 15 of the Election Law, which governs village elections (Election Law § 15-102[1], [2]).
As a general matter, "[w]hen presented with a question of statutory interpretation, [a court's] primary consideration is to ascertain and give effect to the intention of the Legislature" (Town of Aurora v Village of E. Aurora, 32 NY3d 366, 372 [internal quotation marks omitted]). "Inasmuch as the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d 201, 209 [internal quotation marks omitted]). Further, "a statute must be construed as a whole, and its various sections must be considered together and with reference to each other" (id. [alterations and internal quotation marks omitted]).
Here, partly because the term "regular" election is not defined in the Election Law, the text of Village Law § 9-912(1) is ambiguous with respect to the meaning of the word "regular." The Village Clerk and the Trustees contend that the term "regular" election as used in Village Law § 9-912(1) means the next "general village election" occurring in March (see Election Law § 15-102[1]). This contention is without merit. At the outset, we observe that Village Law § 9-912(1) uses the term "regular or special village election," and Village Law § 9-912(3) specifically uses the distinct term "general village election." Although not dispositive, looking at the context of this particular statute, the use of these distinct terms suggests that the term "regular" election was not intended to be synonymous with "general village election." More importantly, "[w]here a phrase is susceptible of two interpretations, by one of which there would be a suspension, and by the other a [*3]continuance, of important political rights, the latter is undoubtedly to be preferred" (Rumsey v People, 19 NY 41, 50). Based on relevant principles of statutory interpretation and our prior decision and order in Matter of Broda v Monahan (309 AD2d 959), we conclude that a "regular" election is something broader than a "general village election," and the Supreme Court properly determined that the petitioners were within their rights to hold the subject referendum on the date of the upcoming general election, November 5, 2024 (see id. at 961).
In any event, Village Law § 9-912(1) further provides that where, as here, a petition requests "the holding of a referendum at a time other than at such regular or special village election, such petition must contain twice the number of signatures otherwise required." Here, the petition contained more than the required number of signatures to hold the referendum "at a time other than at such regular or special village election," in compliance with the requirements of Village Law § 9-912 (see id. § 9-912[1], [2]; Matter of Broda v Monahan, 309 AD2d at 961).
Contrary to the appellants' contention, the County BOE is the proper entity to conduct the referendum, and the Supreme Court properly directed the Village Clerk to transmit a certified copy of the text of the referendum to the County BOE and otherwise comply with Election Law § 4-108 (see id. §§ 4-108[1][b]; 15-104[1][c]; Matter of Broda v Monahan, 309 AD2d at 961).
Contrary to the appellants' further contention, the transmittal of the text of the referendum to the County BOE is not time-barred, and contrary to Colety's related contention, the relief sought in the petition, inter alia, to validate the petition to hold the referendum is not academic (see Election Law § 4-108[1][b]; Matter of Broda v Monahan, 309 AD2d at 961).
The appellants' remaining contentions are without merit.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court